1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUDITH A. LAVIK,

                Plaintiff,

   v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

                Defendant.

Case No. C14-1319RSM

**SCHEDULING ORDER**

The Court **ORDERS** the following briefing schedule:

| | |
|---|---|
| Plaintiff's Opening Brief, **limited to 24 pages**, is due: | **12/5/2014** |
| Defendant's Response Brief, **limited to 24 pages**, is due: | **1/2/2015** |
| Plaintiff's Optional Reply Brief, **limited to 18 pages**, is due: | **1/16/2015** |

    These dates and page limitations are firm and can be changed only by order of the Court, not by agreement of counsel or the parties.  Stipulations and motions to extend time or page limitations must be noted on the Court's calendar prior to the due date pursuant to the briefing schedules established in LCR 10(g) and LCR 7, respectively.

SCHEDULING ORDER - 1

# BRIEFING REQUIREMENTS

**(1) Plaintiff's Opening Brief**

(a) Beginning on page one, plaintiff shall list the errors alleged (for example, "Issue No. 1 – The ALJ failed to properly evaluate plaintiff's subjective complaints of pain."), followed by a clear statement of the relief requested. A general statement of an issue, such as "the ALJ's decision to deny benefits is not supported by substantial evidence," is unacceptable. Assignments of error that are not listed in this section of the opening brief will not be considered or ruled upon.

(b) Plaintiff shall provide a brief summary of the relevant procedural history of the case. Plaintiff shall not include a lengthy recitation of background facts or medical evidence in this section. Discussion of the relevant facts must be presented in the argument section in the context of the specific errors alleged.

(c) Subsequent sections of the opening brief must fully explain each issue raised in the assignments of error and must include citations to the specific pages of the administrative record and the relevant legal authority that support each argument and request for relief.

The Court is familiar with the standard of review and the five step sequential evaluation process. The parties should therefore avoid boilerplate discussions of those governing legal standards and should focus on applying relevant and controlling legal authority to the facts of this case.

**(2) Defendant's Response Brief**

(a) Beginning on page one, defendant shall indicate whether each error raised in the opening brief is disputed or undisputed.

(b) Defendant need not respond to plaintiff's procedural summary unless there is

SCHEDULING ORDER - 2

disagreement.

(c)  Subsequent sections of the response brief must respond to each disputed assignment of error and/or request for relief and must include citations to the specific pages of the administrative record and the relevant legal authority.

(**3**)  **Personal Data and Formatting**

All briefs must conform to the redaction rules regarding personal data set forth in LCR 5.2 and to the formatting requirements set forth in LCR 10.

**FAILURE TO COMPLY WITH THE ABOVE REQUIREMENTS MAY RESULT IN THE BRIEF BEING STRICKEN OR RETURNED FOR CORRECTION.**

DATED this 13th day of November 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE